# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **DARYL G. WRIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-CV-00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff. Eric P. Kressman, Regional Chief Counsel, Region III, Roxanne Andrews, Assistant Regional Counsel, and Stephen M. Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the decision of the Commissioner.

I

Plaintiff Daryl G. Wright filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-34, 1381-83f (West 2012). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Wright protectively applied for benefits on December 5, 2007, alleging disability beginning July 10, 2005. His claim was denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ") on January 13, 2010, at which Wright, represented by counsel, and a vocational expert ("VE") testified. On March 22, 2010, the ALJ issued a decision finding that Wright could perform a modified range of light work and thus was not disabled under the Act. Wright requested review by the Social Security Administration's Appeals Council. The Appeals Council denied his request for review, thereby making the ALJ's decision the final decision of the Commissioner. Wright then filed a complaint in this court seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed. The case is ripe for decision.

II

Wright claims disability based on Crohn's disease, kidney stones, arthritis, bone loss, skin disorders, and skin cancer. He completed two years of college and has performed past relevant work as a mechanical engineer and design project engineer coordinator. Wright was 62 years old on the date of the ALJ's decision.

Wright testified that he was first diagnosed with Crohn's disease in 1975, at which time an approximately eight-inch section of his small intestine was removed. That surgery caused some improvement, but he still experiences symptoms. His Crohn's disease necessitates unscheduled bathroom breaks an average of two to three times per day. Some days, however, he will need to use the bathroom as many as six times per day. He experiences pain, but he has good days and bad days. He is currently taking prescription medication to control his Crohn's disease; however, there have been significant periods of time during which he did not take medication because he could not afford it. His Crohn's disease is sometimes exacerbated by stress.

Wright has also suffered from kidney stones since 1979. He has undergone more than thirty procedures to break apart kidney stones. When he develops stones, he experiences pain. He takes prescription medication to treat his kidney stones.

In addition, Wright has been diagnosed with mild chronic obstructive pulmonary disease ("COPD"). Wright also experiences joint pain. In February 2008, William Humphries, M.D., examined Wright at the request of the Commissioner and diagnosed him with, among other things, degenerative joint disease of the knees, shoulder, elbow, hands, and feet, and possibly of the hips and the cervical, thoracic, and lumbar spine. Wright testified that he spends much of

his time lying down to alleviate his pain. He also testified that his pain prevents him from sitting for long periods of time. Nevertheless, he is able to golf weekly, shop, drive, do laundry, wash dishes, mow his lawn, care for his dogs, and complete light household repairs.

Wright began working in the engineering industry as a mechanical designer in the 1970s and remained in that field until mid-2005. As a mechanical designer, he spent most of his time sitting, but also made site visits and did other field work. His last job in the mechanical engineering field required him to park outside a plant perimeter and walk approximately one half mile to the plant entrance each day, carrying his own food and drinks.

The ALJ found that Wright suffers from the severe impairments of degenerative joint disease/degenerative disc disease, Crohn's disease, COPD, and kidney stones. The ALJ found that the objective medical evidence did not support severe impairments of bone loss, skin disorder, or skin cancer. The ALJ determined that Wright had the residual functional capacity ("RFC") to perform light work and that he could stand and/or walk for six hours in an eight hour workday, sit for six hours in an eight hour workday, do limited overhead reaching, frequently use ramps and climb stairs, and occasionally kneel. The ALJ further determined that Wright should not push/pull with the lower extremities to operate foot controls; should avoid moderate exposure to fumes, odors, dusts, gases, poor

ventilation, and hazards; and should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, and vibration. Based on this RFC assessment, the ALJ concluded that Wright could perform his past relevant work as a mechanical designer and design project coordinator — jobs that exist in substantial numbers in the national economy — and thus was not under a disability as defined by the Act.

Wright argues that the ALJ's decision is not supported by substantial evidence. For the following reasons, I disagree.

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or medically equals the severity of a listed

impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.* The fourth and fifth steps of the inquiry require an assessment of the claimant's RFC, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.*; *Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005).

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of this court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Wright first argues that the ALJ's decision is not supported by substantial evidence because at the hearing, when referring to the position of Mechanical Design-Engineer, the VE stated a Dictionary of Occupational Titles ("DOT") number that instead matched the position of Engineering Assistant, Mechanical Equipment. Wright argues that this discrepancy constitutes a conflict under Social Security Rule 00-4P, and the ALJ erred by not explaining the conflict in his decision. This argument is without merit. It is clear from the hearing transcript and the relevant DOT entries that either the VE simply misstated the DOT number for Mechanical Design-Engineer or the stenographer erroneously transcribed the number. Mechanical Design-Engineer has a DOT number of 007.061-018, while Engineering Assistant, Mechanical Equipment has a DOT number of 007.161-018 — a difference of one digit. *See Dictionary of Occupational Titles* ¶¶ 007.061-018, 007.161-018 (4th ed. rev. 1991). The VE referred to the position of "mechanical engineer designer," which she identified as a sedentary position with a specific vocational preparation ("SVP") level of 8. The position of Mechanical-Design Engineer, Facilities — DOT 007.061-018 — is a sedentary position with an SVP level of 8. In contrast, the position of Engineering Assistant, Mechanical Equipment, while also a sedentary position, has an SVP level of 7. Furthermore, nothing in the hearing testimony or elsewhere in the record indicates that Wright ever worked as an assistant. The ALJ referred in his decision not to DOT numbers,

-7-

Case 1:12-cv-00014-JPJ-PMS   Document 17   Filed 01/24/13   Page 7 of 13   Pageid#: 445

but to the names of the positions, which clearly correspond with both the VE's testimony and Wright's past relevant work. Additionally, Wright did not object to the VE's classification during the hearing, nor did he question the VE about the stated DOT number. Wright's failure to address this issue at the hearing supports the notion that the stenographer merely mistranscribed the number and that the VE in fact stated the correct number at the hearing. In any event, no SSR 00-4P conflict exists here.

Wright next argues that the ALJ erred by stating in his decision that the position of Project Engineer (also called Design Engineer) is a sedentary position. The DOT classifies project engineer as light work rather than sedentary. *Dictionary of Occupational Titles* ¶ 019.167-014. While the ALJ did mistakenly classify the position as sedentary rather than light work, this misclassification is harmless error. The ALJ found that Wright had the RFC to do light work, with some minor modifications. As the VE testified, a person with the RFC described by the ALJ would be capable of performing the position of Project Engineer. The ALJ's misstatement in his decision does not warrant a remand.

Next, Wright asserts that the ALJ erred in relying on the VE's testimony because the VE did not clearly define extreme heat and extreme cold and did not account for these RFC limitations when discussing Wright's ability to return to his prior work. This contention is meritless, as nothing in the record indicates that

Wright's past relevant work requires exposure to extreme heat or extreme cold. Wright also argues that the VE and ALJ failed to properly account for exposure to worksite hazards, such as moving equipment, which was excluded from Wright's RFC. This argument is also without merit, because the VE clearly indicated that the DOT description for Wright's last job did not include hazardous situations. Thus, substantial evidence supports the ALJ's conclusion that Wright had the RFC to perform his past relevant work as it is generally performed according to the DOT.

The hypothetical question presented to the VE contained all of the limitations that the ALJ included in his RFC assessment. It accurately reflected Wright's condition during the relevant time period. *See Johnson*, 434 F.3d at 659. The ALJ did not err in relying on the VE's testimony to conclude that Wright can perform jobs that exist in significant numbers in the national economy.

Next, Wright argues that the ALJ erred by failing to properly consider his level of pain and overall credibility. When a claimant alleges disability because of pain, the ALJ applies a two-step process. *Craig*, 76 F.3d at 594. First, the ALJ determines whether the claimant suffers from a medically determinable impairment which would reasonably be expected to cause the pain alleged. *Id.* Next, the ALJ evaluates the intensity and persistence of the alleged pain and the extent to which it impacts the claimant's ability to work. *Id.* at 595. In this second step, the ALJ

> must take into account not only the claimant's statements about h[is] pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, . . . any objective medical evidence of pain . . . , and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

*Id.* at 595 (citations omitted). Here, the ALJ found that Wright suffered from medically determinable impairments that could reasonably be expected to cause the alleged pain. The ALJ further found, however, that Wright's testimony with respect to the persistence and limiting effects of his pain was not credible. The ALJ noted that Wright's complaints of pain were inconsistent; while he often complained of pain to his physicians, there were also times when he reported experiencing little to no pain. The ALJ also noted that Wright's kidney stones are episodic, and he sometimes passes them without pain. The ALJ gave significant weight to the fact that Wright had suffered from kidney stones and Crohn's disease for more than 35 years and had worked throughout most of that time. Moreover, prescription medications helped to alleviate Wright's pain. The ALJ further noted that Wright regularly plays golf. The record contains no contemporaneous opinions from Wright's treating physicians concerning functional limitations. Based on the record as a whole, the ALJ concluded that while Wright does experience pain, his pain is not disabling. This conclusion is supported by substantial evidence. It is not my task to make credibility determinations, and I

-10-

Case 1:12-cv-00014-JPJ-PMS   Document 17   Filed 01/24/13   Page 10 of 13   Pageid#: 448

may not substitute my judgment for the judgment of the ALJ. *See Johnson*, 434 F.3d at 653. Because the ALJ's findings regarding Wright's alleged pain are supported by substantial evidence, I must uphold those findings.

Finally, Wright argues that I should remand this case so that the ALJ can consider new evidence submitted after the hearing. The new evidence at issue is an assessment of Wright's RFC completed on November 14, 2011, by James Schrenker, M.D., a treating physician who first examined Wright in March 2011. Wright submitted this assessment to the Appeals Council, which found that the assessment did not provide a basis for changing the ALJ's decision.

Because the Appeals Council considered the assessment, I must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). This means that I must review the ALJ's decision in light of evidence that the ALJ never considered, *see Ridings v. Apfel*, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999), while also refraining from making factual determinations. Therefore, my review of the new evidence is limited to determining whether it "is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports." *Davis v. Barnhart*, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (internal quotation marks and citations omitted). If the new evidence creates

a conflict, then a remand is warranted so that the Commissioner can weigh and resolve the conflicting evidence. *Id.*

Wright has proffered no evidence that Dr. Schrenker's assessment relates back to the relevant time period, *i.e.*, the period on or before the date of the ALJ's decision. *See Miller v. Barnhart*, 64 F. App'x 858, 859-60 (4th Cir. 2003) (unpublished). Dr. Schrenker did not complete his assessment until more than 19 months after the ALJ issued his decision, and he did not first see Wright until a full year after the ALJ issued his decision. Nowhere in his assessment did Dr. Schrenker opine that Wright's condition would have been the same on or before the date of the ALJ's decision. Because the new assessment does not relate to the relevant time period, it does not create a conflict with any of the other medical evidence of record. Furthermore, because the extreme opinions in Dr. Schrenker's assessment are inconsistent with the other evidence and are largely "check-the-box" conclusions, I find that if he had been presented with the assessment, the ALJ would likely have given it little or no weight. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Therefore, the new evidence is not material and does not contradict or call into doubt the ALJ's decision. Because Wright has not established that Dr. Schrenker's assessment is contradictory or even relevant, no remand is warranted.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: January 24, 2013

/s/ James P. Jones
United States District Judge